UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SELMA GLASER,

                          Plaintiff,

      -against-

BOARD OF TRUSTEES OF THE NYSUT
MEMBER BENEFITS CATASTROPHE
MAJOR MEDICAL INSURANCE TRUST *et al.*,

                          Defendants.

**ORDER**

**23-cv-4874 (JGLC)(JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Parties attended a settlement conference on November 29th. Among the issues discussed was whether it would be appropriate for the Plaintiff, Ms. Glaser, to be appointed free counsel (otherwise known as "*pro bono*" counsel).

In *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986), the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant *pro bono* counsel. 802 F.2d at 61-62. First, a court must find that the litigant is indigent. Second, a court must then consider whether the litigant's claim "seems likely to be of substance." Id. at 60–61. If these threshold requirements are met, a court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Id.

In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

Here, Ms. Glaser is clearly "unable to afford counsel." 28 U.S.C. § 1915(e)(1). At 98 years of age, Ms. Glaser has been retired for decades and lives on a fixed income. Moreover, Ms. Glaser convincingly explained to the Court that she struggles to obtain necessities such as food and soap. Hence, the first prong is satisfied.

Second, the Court holds that the Plaintiff's claim "seems likely to be of substance." She claims that the Defendants have wronged her by failing to provide her with the insurance coverage and health benefits she claims she is entitled to. Especially given that "pro se litigants…deserve more lenient treatment than those represented by counsel," Ms. Glaser has put forth a claim that satisfies the second prong of Hodge. See McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988).

Therefore, on balance, after taking all the relevant factors into account, the Court finds that granting the Plaintiff, Ms. Glaser, *pro bono* representation in this case would "lead to a quicker and more just result..." *Hodge*, 802 F.2d at 61.

The Office of Pro Se Litigation is respectfully requested to provide the Court with an update by **January 4, 2024,** as to whether an attorney is willing to represent Ms. Glaser.

By **January 15th**, the Parties are directed to provide the Court with an update as to the status of any settlement negotiations with either Ms. Glaser in her *pro se* capacity or with any *pro bono* attorney. In that letter, the Parties should notify the Court as to whether they are interested in a second settlement conference. If the Court holds a second settlement conference, Ms. Glaser will be permitted to attend that conference remotely. If the Defendant is unable to confer with Ms. Glaser, the Defendant should submit a letter by the 15th explaining its attempts to reach her.

All other deadlines in the case are stayed.

**The Clerk of the Court is respectfully requested to mail a copy of this Order to Plaintiff at 100 De Kruif Place, Apt. 19E Bronx, NY 10475.**

SO ORDERED.

Dated:   New York, New York
         December 6, 2023

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge